UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM J. POWELL, Jr., | |
| Plaintiff, | Case No.: 2:19-cv-02146-GMN-BNW |
| vs. | **ORDER** |
| MARK ZUCKERBERG; FACEBOOK, INC., | |
| Defendants. | |

On April 13, 2020, the Court entered an Order, (ECF No. 12), requiring Plaintiff to show cause as to why this Court should not grant the Motion to Transfer Venue or, In the Alternative, to Dismiss the Complaint, (ECF Nos. 6, 7), filed by Defendants Facebook, Inc. and Mark Zuckerberg ("Defendants"). The Court explained that Plaintiff's failure to file an opposition to Defendants' Motions would constitute consent to granting them in accord with this District's Local Rule 7-2(d). *See* D. Nev. Local R. 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Plaintiff had until April 24, 2020, to explain why dismissal without prejudice should not occur.

To date, Plaintiff has not responded to either Defendants' pending Motions or the Court's Order to Show Cause. Consequently, as outlined in the prior Order, the Court turns to the following factors to determine if this action should be dismissed without prejudice: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). All factors but the fourth weigh in favor of dismissal without

prejudice.  Public interest favors resolution of this case which has remaining stagnant for four months, the Court has an inherent need to manage its docket by ruling on pending motions and closing cases where there is prolonged inactivity, Defendants would be prejudiced in expending additional costs to litigate against an absent plaintiff, and the Court has already provided Plaintiff an opportunity to seek less drastic sanctions than dismissal without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 7), is **GRANTED in part** and **DENIED in part**.  Plaintiff's Complaint, (ECF No. 1-5), is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer Venue, (ECF No. 6), is **DISMISSED as moot**.

The Clerk of Court shall close the case.

**DATED** this __30__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court